DAVID HUNTER v. THE SOUTHERN PACIFIC RAILWAY COMPANY.

No. 2725.

1.  **Liability of Common Carrier Beyond its Lines.**—A common carrier is not liable beyond its own line unless it has assumed such liability. The fact alone that it received goods marked for a place beyond its own terminus does not import an agreement to transport to the destination named as a common carrier.

2.  **Same—Railway.**—The reason a railway is not liable as a common carrier beyond its own line, in the absence of an express contract, is because it is not a common carrier beyond its own line. The law attaches to it no liability as a common carrier beyond its own line, and does not compel it to act as a common carrier over other lines not within its control.

APPEAL from De Witt. Tried below before Hon. H. Clay Pleasants.

This is an appeal from a judgment against the plaintiff Hunter, who sued appellee for damages for not delivering beeves shipped for plaintiff at Cuero, Texas, to Chicago, Illinois. Damages claimed, $2170. The petition alleged a contract by the railway to deliver the beeves in Chicago.

The railway company, among other defenses, pleaded that it transported the cattle safely from Cuero to New Orleans, Louisiana, which was the extent of its line, and that with care and dispatch it delivered the cattle shipped, without any loss or injury, to the New Orleans & Northeastern Railway, the next succeeding carrier on the route; denying any partnership or other business association with the other railroad lines from New Orleans to Chicago; alleged that the cattle were shipped under a live stock contract providing that in case said cattle were transported over other railway lines the defendant should be released from liability of every kind after said cattle left its own line, etc.

On the trial the shipping contract was introduced with limited liability as in the answer. It was admitted that the lines of defendant only extended to New Orleans, Louisiana. A jury was waived. The court rendered judgment for the defendant, from which plaintiff appealed.

*R. A. Pleasants* and *Rudolph Kleberg*, for appellant.—1. When a carrier has contracted for the carrying of goods over another line beyond his route, a stipulation that his responsibility is to terminate at the end of his own line will be of no effect. Railway v. Golding, 3 Ct. App. C. C., secs. 33, 34, and authorities; Id., sec. 84; 2 Ct. App. C. C., sec. 30; Rev. Stats., art. 278; 59 Texas, 193; 1 Ct. App. C. C., secs. 942, 1252, 1253.

2. The *lex loci contractus* controls the shipping contract, wherefore the special agreement restricting defendant's liability to its road being void *ab initio* in this State, remained void as to interstate carriage. Rev. Stats., art. 278; 59 Texas, 193, and authorities.

*Stockdale & Proctor*, for appellee.—1. A common carrier may by express contract limit its liability to its own line. It is under no obligation to carry further, and when it assumes to impose an obligation on itself for the further carriage of freight, this must be done by contract, express or implied, in which it may lawfully stipulate that its liability may cease with safe delivery to next carrier. Railway v. Baird, 75 Texas, 256; Harris v. Howe, Receiver, 75 Texas, 256; Railway v. Allison, 59 Texas, 193; Railway v. Pratt, 22 Wall., 129; Insurance Co. v. Railway, 104 U. S., 43; 2 Am. and Eng. Encyc. Law, 866; Hutch. on Carr., 149, 150; Berg v. Railway, 16 Am. and Eng. Railway Cases, 229, 231; Insurance Co. v. Railway, 3 Am. and Eng. Cases, 271, note; 2 Wait's Act. and Def., pp. 36, 37, 38.

2. In actions against carrier for damages sustained by owner of goods by reason of carrier's default, whether action be based upon breach of duty or contract, it is for the plaintiff to show a delivery of the goods, an undertaking, either express or implied, to carry same, and the failure to perform the contract or duty according to the undertaking. Hutch. on Carr., secs. 759, 760; Railway v. Baird, 75 Texas, 256; Railway v. Bromley, 17 Com. B., 372; Gilbart v. Dale, 5 Ad. and El., 543; Anchor Line v. Dalze, 68 Ill., 369; Ang. on Carr., 5 ed., 461; 2 Am. and Eng. Encyc. Law, 904, 905, note 1, and cases cited; Laws. on Carr., 248.

HOBBY, JUDGE.—There is no error, we think, in the judgment rendered in the court below.

The allegations of the petition showed that the plaintiff's cause of action grew out of a contract, by the terms of which the appellee undertook and contracted to deliver the stock at the city of Chicago, Illinois, to the

consignees named; but the proof in support of this was a live stock shipping contract in writing, introduced by plaintiff, which contained the stipulation releasing defendant from liability beyond the termination of its own line of road, and which the testimony showed was New Orleans, Louisiana. These facts did not establish a cause of action against the defendant, because a common carrier is not liable beyond the terminus of its own line, unless it has assumed such liability by contract. Trust Co. v. Railway, 31 Fed. Rep., 247; Ortt v. Railway, 36 Minn., 396.

And the fact alone that it received goods marked for a place beyond its own terminus does not import an agreement to transport to the destination named as a common carrier. Laws. on Carr., sec. 240.

Those cases which hold that such fact alone is to be regarded as showing that the railroad had contracted for the delivery of the freight at the point of destination, and as showing that it had made arrangements with connecting lines, concede that this is not so where it expressly limits its liability. Ala. S. S. R. Co. v. Mt. V. Co., 84 Ala., 173; Falvey v. Railway, 76 Ga., 597.

The reason a railroad is not liable beyond its own line as a common carrier, in the absence of an express contract, is because it is not a common carrier beyond its own line. The law attaches to it no liability as a common carrier beyond the terminus of its own line, and does not compel it to act as common carrier over other lines not within its control. Railway v. Baird, 75 Texas, 256.

Hence, when this liability does attach, it must be by virtue of some contract assuming it.

In the case under consideration the stipulation excepted to expressly releases it from such liability. It was lawful for the defendant in the contract of shipment to so decide. Railway v. Baird, *supra*.

The appellant's exceptions thereto were properly overruled, and as the evidence failed to show that plaintiff had any such cause of action against the appellee as was alleged in the petition, there was no error in rendering judgment for the defendant.

We think the judgment should be affirmed.

*Affirmed.*

Adopted February 11, 1890.