GULF, COLORADO & SANTA FE RAILWAY COMPANY v. LONE STAR
SALT COMPANY.

Decided June 1, 1901.

**1.—Carriers of Freight—Statutory Penalty—Discrimination and Delay.**

Where, in an action for the statutory penalty for unjust discrimination on the part of defendant company in failing to promptly forward a car of salt tendered it by a connecting line, it was not claimed that there was no delay, the court properly directed a verdict for the plaintiff, since the statute expressly declares that delay shall constitute discrimination. Rev. Stats., arts. 4574, 4575.

**2.—Same—Tender of Original Car to Connecting Line.**

In an action against a railway company for discrimination and delay in failing to receive and forward a car of salt tendered it by a connecting line, it was no defense that the salt was not tendered in the car in which it was originally loaded.

**3.—Same—Sufficient That Car Is Suitable.**

Nor was it a defense that the car tendered was a refrigerator car, not commonly used for the transportation of salt, it appearing that such car was adapted to the use to which it was so applied in this instance.

**4.—Same—Cumulative Penalties—Railroad Commission Law.**

Where plaintiff presented a case entitling him to recover against a common carrier, under Revised Statutes, article 4575 (the Railroad Commission Law), the penalty there declared for unjust discrimination, he may so recover, irrespective of whether or not the prior law, embodied in article 4496 and declaring a penalty against railroads for delay in shipping freight, was repealed by the commission law, since article 4581 (part of the commission law) provides that such law shall not release any right of action for any right or penalty which may have arisen or may thereafter arise under any law of this State.

Error from Dallas.    Tried below before Hon. Richard Morgan.

*J. W. Terry,* for plaintiff in error.

*McCormick & Spence,* for defendant in error.

TEMPLETON, ASSOCIATE JUSTICE.—On November 17, 1898, the Lone Star Salt Company delivered to the Texas & Pacific Railway Company, at Colorado, Texas, a carload of salt to be transported by said railway company to Fort Worth, and there delivered to the Gulf, Colorado & Santa Fe Railway Company, a connecting carrier, to be transported by said last named company to its destination at Brownwood, Texas, a through bill of lading being issued therefor. The Texas & Pacific Railway Company carried the salt to Fort Worth, and reloaded it into a refrigerator car of the Atchison, Topeka & Santa Fe Railway Company, and tendered same to the Gulf, Colorado & Santa

Fe Railway Company for transportation to Brownwood. The latter company refused to receive or transport the car until on December 12, 1898, when it had the salt put into another car and delivered to the Fort Worth & Rio Grande Railway Company, which hauled the car to Brownwood and delivered the salt to the consignees. The salt company brought this suit against the Gulf, Colorado & Santa Fe Railway Company to recover the penalty prescribed by article 4575, Revised Statutes, for unjust discrimination and obtained judgment for $400. The railway company has brought the case to this court by writ of error.

On the trial the facts above stated were established, and an order of the Railroad Commission, shown to be in force at the time of the shipment in question, was introduced in evidence. The material parts of the order read thus: "1. Every railroad company, operating a railroad between points within the State of Texas shall receive, when tendered to it by a shipper at a station on its line, every loaded car intended for transportation over its line to a point on its line, and also every loaded car intended for transportation over its line and thence to a point on any connecting line of railroad. Having received from a shipper a loaded car destined to a point on its line, the company so receiving such loaded car shall forward and haul same over its line to its destination; and having received from a shipper a loaded car destined to a point on a connecting line, the company so receiving such loaded car shall forward and haul same over its line to its junction with the next connecting line, to which it shall at such junction deliver same for further transportation.

"2. Every railroad company, operating a railroad between points within the State of Texas, shall receive, when tendered to it by a connection at a place of junction of their tracks, every loaded car intended for transportation over its line to a point on its line, and also every loaded car intended for transportation over its line and thence to a point on any connecting line. Having received from a connection a loaded car destined to a point on its line, the company so receiving such loaded car shall forward and haul same over its line to destination; and having received from a connection a loaded car destined to a point on any connecting line, the company so receiving such loaded car shall forward and haul same over its line to its junction with the next connecting line to which it shall deliver same for further transportation."

The court instructed the jury to find for the plaintiff; and the plaintiff in error complains that the evidence was not such as to justify the peremptory instruction.

It is provided by subdivision 2 of article 4574, Revised Statutes, that every railroad company which shall fail or refuse, under such regulations as may be prescribed by the commission, to receive and transport without delay or discrimination the passengers, tonnage, and cars, loaded or empty, of any connecting line of railroad shall be deemed guilty of unjust discrimination, and article 4575 provides that in case any com-

pany shall be guilty of discrimination, the person, firm, or corporation injured thereby may recover of such company a penalty of not less than $125 nor more than $500. It is not claimed that there was not a delay in the shipment in question, or that plaintiff in error did not refuse to receive and transport the salt, but the contention is that the facts show merely a delay and no discrimination, and that as the penalty is recoverable only for discrimination, the trial court was not warranted in instructing a verdict. The words "delay" and "discrimination" are by no means synonymous, and are generally used to express dissimilar ideas. But we are not permitted to speculate as to the sense in which the words are used in the statute under consideration, and by article 4574 it is declared that delay shall constitute discrimination, and by article 4575 the penalty is denounced against the company guilty of discrimination "as defined in this chapter." The contention of plaintiff in error was held not tenable by this court in Railway v. Salt Company, 48 Southwestern Reporter, 622, and we see no reason to change the ruling there made.

It is also contended by the plaintiff in error that it did not violate the regulations of the Railroad Commission, as the salt was not tendered to it in the car in which it was originally loaded. The contention is not well taken. The order of the commission in terms declares that "Every railroad company, operating a railroad between points in Texas, shall receive, when tendered to it by a connection at a place of junction of their tracks, every loaded car intended for transportation over its line to a point on its line." The undisputed facts bring this case literally within these provisions of the commission's order. The fact that the first section of the order requires railway companies to receive from shippers all loaded cars tendered for transportation over their lines, and makes it the duty of the company so receiving such loaded cars to haul the same over its line and deliver same to its connecting carrier, is not material. Technically construed, this section of the commission's order requires the initial carrier to deliver the identical car hauled by it to the connecting carrier, but the obvious purpose of the commission was to secure the prompt acceptance and transportation of freight, and it does not appear to have been the intention of the commission, by promulgating the order aforesaid, to prescribe the character of cars to be used by the railway companies. Many reasons might exist or arise why the goods to be transported should be transferred from the car in which the same were originally loaded to another car, and no delay or injury be occasioned by the transfer. When the railway company actually transports the freight as required by the terms of its contract with the shipper, without delay or injury thereto, and tenders the goods to its connecting carrier, the latter will not be justified in refusing to receive the same because the goods have been transferred from the car in which the same were originally loaded. In other words, the shipper is interested only in having his goods promptly and safely transported, and is not concerned in what car the same are carried, and

the object of the commission was to secure to the shipper the right to a prompt and safe carriage of his goods, and not to regulate the duty of the railway companies with reference to the kind of cars to be used.

In this connection another contention of plaintiff in error may be considered. It is insisted that plaintiff in error was justified in refusing to receive the car because the same was a refrigerator car, and was not a proper car to be used in carrying freight of this class. It was shown that refrigerator cars are generally used in the transportation of perishable freight, such as fruit, fresh meats, etc. On the other hand, it clearly appears that such cars are adapted to the uses to which the car was applied in this instance. A refrigerator car is built for the purpose of carrying freight, and the only material difference between it and an ordinary freight car is that the former is provided with appliances for using ice in order to preserve its contents, while the latter is not. Such being the case, the plaintiff in error should have received the car and transported the goods to their destination on its line, and if it had any legal ground of complaint against the Texas & Pacific Railway Company for delivering the goods to it in the said car, it could obtain relief in the courts of the country. The public interests require railway companies to settle controversies of this character either by agreement or by appeal to the commission or to the courts, and not to delay the transportation of freight pending such settlement. Railway Co. v. Salt Co., supra. The excuse offered by the plaintiff in error for refusing to receive the car is insufficient.

Appellant also contends that if defendant in error has any valid claim against it, the same accrued under article 4496, Revised Statutes, and not under articles 4574, 4575. Article 4496, which prescribes a penalty for a delay in shipment, was enacted prior to the passage of the railway commission law, of which articles 4574, 4575 are a part. It is provided by article 4581, also part of the commission law, that "This law shall not have the effect to release or waive any right of action by the State or any person for any right, penalty, or forfeiture which may have arisen or may hereafter arise under any law of this State; and all penalties accruing under this chapter shall be cumulative of each other, and a suit for or recovery of one shall not be a bar to the recovery of any other penalty; and all laws and parts of laws in conflict with this chapter are repealed." We have seen above that the defendant in error has a case which comes within the provisions of the railway commission act, and it is therefore entitled to recover the penalty there prescribed, no matter whether said act operates as a repeal of article 4496, or whether the penalty fixed by the commission law is merely cumulative of the penalty denounced by the said article. We conclude that the contention of plaintiff in error on this issue is not well taken.

The judgment is affirmed.

*Affirmed.*