Port Arthur Rice Milling Company v. Gulf & Interstate Railway Company et al.

Decided May 11, 1910.

**1.—Carrier—Discrimination—Statutory Penalty.**

In an action against a railroad company for the statutory penalties for discrimination in moving freight tendered for transportation, where it appeared from the evidence of defendant that plaintiff had loaded with rice a car placed on a side track to be loaded with wood by another party; that there was no agent at said side track; that no bill of lading was issued for the car, and defendant was not notified during the period of delay and could not ascertain, although inquiry was made, where the car was to go, the evidence was sufficient, although in conflict with that of plaintiff, to support a judgment denying the plaintiff a recovery of the penalties provided by art. 4574, Rev. Stats.

**2.—Same—Connecting Carrier—Car Out of Repair—Right to Reject.**

A carrier has a right to decline to accept a loaded car from a connecting carrier for further transportation when the car is not in a suitable condition for movement.

Appeal from the District Court of Jefferson County. Tried below before Hon. L. B. Hightower, Jr. .

*Joe Williams* and *Fleming & Fleming,* for appellant.

*F. J. Duff,* for appellee Gulf & Interstate Ry. Co.

*H. M. Whitaker* and *Glass, Estes, King & Burford,* for appellee Texarkana & Ft. Smith Railway Company.

McMEANS, ASSOCIATE JUSTICE.—Appellant brought this suit against the appellee, Gulf & Interstate Railway Company of Texas, and the Texarkana & Fort Smith Railway Company, to recover $103.62 as actual damages to certain rice belonging to appellant, which was loaded into car No. 4818, I. & G. N., at Hamilton Switch, a station on the line of the Gulf & Interstate Railway, on September 13, 1907, to be shipped to Port Arthur, Texas, a station on the line of the Texarkana & Fort Smith Railway. In addition to the actual damages, plaintiff sought to recover of the Gulf & Interstate Railway Company, the initial carrier, statutory penalties under article 4574, Revised Statutes, for having unjustly discriminated against appellant in the rice business, in favor of other shippers of rice and lumber, and against the Texarkana & Fort Smith Railway Company, the delivering carrier, for having failed to accept from said initial carrier the car of rice at Beaumont when tendered to it.

Plaintiff alleged that the car was loaded at Hamilton Switch on, or about the 13th of September, 1907, and that the initial carrier shortly thereafter issued a bill of lading therefor, but that the car after being so loaded was permitted to remain at the place of loading until the 5th day of October, 1907, when it was placed in transit by the initial carrier and was carried to Beaumont that day, but not accepted by the Texarkana & Fort Smith Railway Company, the connecting carrier, when tendered to it for transportation to its destination, until the 21st day of October, 1907.

Both defendants answered by general demurrer and general denial, and the defendant Texarkana & Fort Smith Railway Company specially pleaded that said car when first tendered to it by its co-defendant was in such bad order, that it was unsafe and unfit for transportation, and for that reason said defendant refused to accept it; that the car was afterwards repaired by the initial carrier, and again tendered to said defendant and that it was then accepted by defendant, and promptly transported to Port Arthur, its destination.

A trial before the court without a jury resulted in a judgment in favor of plaintiff, and against the defendant Gulf & Interstate Railway Company for $79.07, as actual damages, but denied to plaintiff a recovery against the defendants, or either of them for penalties.

This appeal is prosecuted by plaintiff from so much of the judgment of the court below as denied it a recovery of the penalties sued for.

Appellant's first assignment of error is as follows: "The plaintiff and the Atlantic Rice Mills being engaged in the same class of business, competitors in buying and selling and milling rice, the court erred in holding that the defendant, Gulf & Interstate Railway Company of Texas, was not liable to the plaintiff for statutory penalties for failure to place in transit the car in question, No. 4818, I. & G. N., from the 15th day of September, 1907, to the 4th day of October, the same year, and in allowing the same to remain at Hamilton Switch, a point of shipment upon said railway and for loading freight and moving rice for the Atlantic Rice Mills."

Under this assignment appellant urges that the "Appellant and the Atlantic Rice Mills being competitors in buying and selling rice, the Gulf & Interstate Railway Company could not haul appellant's competitor's rice and refuse appellant's without incurring the statutory penalties."

The soundness of this proposition is conceded; and, if the testimony was conclusive that the initial carrier did, without excuse, fail to transport appellant's rice while it did haul that of its competitor, the judgment of the court below, denying a recovery of penalties, should be reversed.

The trial judge did not file his findings of fact and conclusions of law in the court below, and we are, therefore, not advised of the particular facts upon which he based his decision. Looking, however, to the record, we state the facts adduced on the trial briefly, as follows:

Hamilton Switch is a station on the Gulf & Interstate Railway about six miles from Beaumont. Port Arthur is a station upon the Texarkana & Fort Smith Railway, twenty miles from Beaumont. Both said lines of railway run into Beaumont, and said railway companies are connecting carriers. Car No. 4818, I. & G. N., was loaded with rice by appellant at Hamilton Switch about September 13, 1907, and remained there until October 5, 1907, when the initial carrier hauled it to Beaumont, and tendered it to its connecting carrier, the Texarkana & Fort Smith Railway Company, for transportation to Port Arthur, its destination, but the car when so tendered was in such bad order as to be unsafe and unfit for transportation, and for that reason the connecting carrier refused to accept it. The car was afterwards repaired by the initial carrier, and on October 21, 1907, it was again tendered to the delivering carrier, accepted by it, and promptly transported to its destination. The above facts are undisputed. There was testimony to the effect that the Gulf & Interstate Railway Company issued a bill of lading for the carload of rice prior to September 16, 1907. W. N. McReynolds, agent for plaintiff, testified: "The rice was delivered to the railway company about September 13th and was received at our plant October 24th. I demanded the shipment of this freight; I did almost everything that could be done; I called up over the 'phone and I wrote letters. As I remember it, I called up and talked to the agent of the G. & I. at Beaumont; I talked a great deal to Major Mow, who was the commer-

cial agent of the Texarkana & Fort Smith, and the Kansas City Southern. As I remember it, the person I talked to with the G. & I. said his name was George. O. E. George is the agent's name, or was at that time. Being unable to get any satisfaction from him, I took it up with Mr. Brown, who was then the general agent of the G. & I., with officers at Galveston, and afterwards, I had it out with the superintendent, Dever, who was the general manager; my letter to Mr. Brown seems to have fallen into his hands."

It appears that during the interval between the loading of the car and the time it reached its destination, the initial carrier moved several cars of rice, some for the appellant and some for the Atlantic Rice Mills. During said time the Gulf & Interstate Railway Company did not maintain an agency at Hamilton Switch. Some of the bills of lading for shipment originating there were signed by train conductors, and some by the agent at Beaumont, and said agent had authority to sign such bills of lading. The bill of lading issued for the rice in question was not dated.

We think this testimony, standing alone, would have required a finding by the court in favor of appellant on the issue of penalty. Revised Statutes, article 4574; Gulf, C. & S. F. Ry. Co. v. Lone Star Salt Co., 26 Texas Civ. App., 531 (63 S. W., 1025). But the evidence does not end here. We copy the following from the brief of appellee, Gulf & Interstate Railway Company, as the substance of the testimony of its general manager, Dever:

"That in the absence of a bill of lading a car on a siding although loaded, would not be moved. That the reason this car was not moved from the 13th of September to the 2nd of October, 1907, was because there was no bill of lading in existence for the same; that he, as general manager of the company, made inquiry of the only person living at the siding about the car. That his conductor told him that he had never received a bill of lading. That this particular car was placed on the siding, not to be loaded with rice, but, to be loaded with wood by Mr. R. S. Farmer. It was a leaky car and so marked. That he did not have the car moved although he had seen same there, because he did not know where to move it, whether to Fort Worth, Galveston or New Orleans; did not move it to Beaumont because he did not know it was to go to Beaumont. He knew there never was a regular bill of lading issued for the car; that there were several cars pulled from that station and Brooks, to Beaumont about that time; that on two different occasions passing the switch he saw this car, but could get no information from any one as to what was desired to be done with it."

The effect of this testimony is, that a car placed on the siding at Hamilton Switch to be loaded with wood, and which was in an unfit condition for the transportation of rice, was, without the authority of the railway company, loaded with rice, and, after being so loaded the owners of the rice gave to the railway company no shipping instructions or information as to its destination, so that the railway company, not knowing to what point the owners of the rice desired the car to be transported, and not being able to obtain the information by inquiry, permitted the car to remain at such switch until the in-

formation was forthcoming, when the car was at once moved. The testimony of the witnesses, McReynolds and Dever, is in sharp conflict, and hence it was the peculiar duty of the trial court to render judgment in accordance with the preponderance of the testimony as it appeared to him, and having so acted, we can not say that the judgment in favor of the Gulf & Interstate Railway Company is so lacking in evidence to support it as to authorize us to set it aside.

We think that, under the uncontradicted testimony, the judgment in favor of the Texarkana & Fort Smith Railway Company was proper. That the car, when tendered to it by the initial carrier was in an unsuitable condition for further movement, is without question; and in such circumstances, the connecting carrier had the right to decline to accept it. Sec. 1, Acts 1907, p. 343. When the car was afterwards tendered to the connecting line it had been repaired, and was then accepted and promptly forwarded to its destination.

What we have said disposes of all of appellant's assignments of error adversely to its contention. The judgment of the court below is affirmed.

*Affirmed.*