QUANAH, A. & P. RY. CO. v. WARREN.
(No. 911.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 26, 1916. Rehearing Denied March 1, 1916.)

1. CARRIERS $\Longleftrightarrow$20(6) — DISCRIMINATION OR DELAY IN TRANSPORTATION — STATUTORY PROVISIONS—"UNJUST DISCRIMINATION."

Rev. St. 1911, art. 6670, subd. 1, provides that it shall be an unjust discrimination for any railroad to give any undue or unreasonable preference or advantage to any person, company, etc. Subdivision 2 provides that every railroad company which shall, under such regulations as may be prescribed by the railroad commissioners, fail or refuse to transport and deliver without delay or discrimination any passengers, tonnage, or cars destined to any point on or over the line of any connecting railroad shall be guilty of unjust discrimination. Article 6671 provides that any railroad doing or permitting anything thereby prohibited or declared unlawful, or omitting any act therein required to be done, shall be liable for the damages sustained, and, in case of extortion or discrimination, for a penalty of not less than $125. Held, that if no regulations are adopted by the Railroad Commission, the penalty for failure to deliver freight to a connecting carrier without delay nevertheless accrues, but is governed by subdivision 1 and not by subdivision 2.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 41; Dec. Dig. $\Longleftrightarrow$20(6).

For other definitions, see Words and Phrases, First and Second Series, Unjust Discrimination.]

2. CARRIERS $\Longleftrightarrow$20(6) — DISCRIMINATION OR DELAY IN TRANSPORTATION — STATUTORY PROVISIONS—"DELAY."

As used in Rev. St. 1911, arts. 6670 and 6671, relative to the failure or refusal of any railroad company to deliver without delay, freight destined to a point on the line of any connecting railroad, "delay" means discrimination; and, where delay is shown, a party is entitled to recover the statutory penalty.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 41; Dec. Dig. $\Longleftrightarrow$20(6).

For other definitions, see Words and Phrases, First and Second Series, Delay.]

3. CARRIERS $\Longleftrightarrow$20(6)—PENALTIES FOR VIOLATION OF STATUTE—RIGHT TO RECOVER.

Where plaintiff, suing a carrier for damages and a penalty, alleged that the carrier's refusal to deliver a shipment to a connecting carrier without delay was in violation of Rev. St. 1911, art. 6670, and in further violation of an order of the Railroad Commission, regulating the transportation, delivery, and interchanging of freight, the regulation of the Railroad Commis-

sion constituted an essential element of the recovery; and, where the Commission's order or regulation was not shown, a judgment for plaintiff was unwarranted.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 41; Dec. Dig. $\Longleftrightarrow$20(6).]

4. CARRIERS $\Longleftrightarrow$185(3)—THROUGH SHIPMENTS —EVIDENCE.

Rev. St. 1911, art. 731, provides that common carriers over whose lines any freight received by either of such carriers for through shipment on a contract for through carriage, recognized, acquiesced in, or acted upon by them, shall be considered connecting lines, and deemed and held the agents of each other, and deemed to be under a contract with each other and with the shipper for the through transportation of the property. Held, that a receipt issued by a carrier, acknowledging the receipt of goods subject to the conditions of a bill of lading and disclosing that the bill of lading was issued at the initial station of shipment, and that the destination of the goods was a point on the lines of a connecting railroad, did not tend to show that the shipment was a through shipment.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 848–850; Dec. Dig. $\Longleftrightarrow$185(3).]

5. CARRIERS $\Longleftrightarrow$174—PERFORMANCE OF CONTRACT OF TRANSPORTATION — CONNECTING CARRIERS.

In the absence of a special contract or course of business to the contrary, an initial carrier, or an intermediate connecting carrier, is bound only to safely carry and deliver the shipment to the next-carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 747–765; Dec. Dig. $\Longleftrightarrow$174.]

6. CARRIERS $\Longleftrightarrow$185(3)—THROUGH SHIPMENTS —EVIDENCE.

Under Rev. St. 1911, art. 731, relative to the liability of connecting carriers in case of a through shipment, there must be something more than the mere receipt and transportation of goods or property to show a contract for through shipment.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 848–850; Dec. Dig. $\Longleftrightarrow$185(3).]

7. CARRIERS $\Longleftrightarrow$20(6) — DISCRIMINATION OR DELAY IN TRANSPORTATION — STATUTORY PROVISIONS.

Under Rev. St. 1911, arts. 6670, 6671, a carrier, delaying or refusing to deliver a shipment, destined to a point on the line of a connecting carrier, to such connecting carrier, is liable for the damages sustained and the statutory penalty, though the shipment is not under a contract for through shipment.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 41; Dec. Dig. $\Longleftrightarrow$20(6).]

8. CARRIERS $\Longleftrightarrow$20(6) — DISCRIMINATION AND DELAY IN TRANSPORTATION—DAMAGES.

Under Rev. St. 1911, arts. 6670 and 6671, requiring a carrier to transport and deliver without delay or discrimination freight destined to any point on or over the line of any connecting railroad under regulations prescribed by the Railroad Commission, and article 6671, making carriers failing to comply therewith liable for damages sustained and a penalty, the Commission has no power to prescribe the damages recoverable.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 41; Dec. Dig. $\Longleftrightarrow$20(6).]

9. CARRIERS $\Longleftrightarrow$2—DISCRIMINATION OR DELAY IN TRANSPORTATION—STATUTORY PROVISONS.

Rev. St. 1911, art. 6670, making it an unlawful discrimination for railroads, under such regulations as may be prescribed by the Railroad Commission, to refuse and fail to transport and deliver without delay or discrimination passengers, tonnage, or cars destined to any,

---

$\Longleftrightarrow$For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

point on or over the lines of any connecting railroad, is constitutional.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 4, 5; Dec. Dig. ☞2.]

Appeal from Motley County Court; C. B. Whitten, Judge.

Action by C. W. Warren against the Quanah, Acme & Pacific Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

D. E. Decker, of Quanah, and G. E. Hamilton, of Matador, for appellant. T. T. Bouldin, of Matador, for appellee.

HENDRICKS, J. The appellee, Warren, sued the appellant railway company, to recover damages for delay in failing to deliver merchandise on its line of railroad to the Motley County Railway Company, at Matador Junction, the point of intersection. Appellee alleged that he was a merchant and bought a bill of goods from Butler Bros. at Dallas, Tex., and that he contracted with the Santa Fé Railway Company, as the initial carrier, at that place, to transport said merchandise from Dallas to Matador, Tex., on a through rate of freight and through transportation; that the Santa Fé transported from Dallas to Ft. Worth, delivering the same to the Ft. Worth & Denver City, which road transported the goods to Quanah, and from which place the Quanah, Acme & Pacific, the defendant herein, as connecting carrier, transported the same to Roaring Springs, the terminus of such carrier, and there held the goods from the 27th to 31st day of August, 1914, refusing to make delivery to its connecting carrier, the Motley County Railway Company at Matador Junction. Appellee alleged:

"That defendant, in refusing to deliver said merchandise to the Motley County Railway, and in carrying the same to Roaring Springs, and there holding the same, did so in violation of articles 6670 and 6671 of the Revised Civil Statutes, * * * defining unjust discrimination and providing a penalty therefor; and in further violation of an order of the Railroad Commission of the state of Texas, regulating the transportation, delivery, and interchanging of freight between carriers, being circular No. 199, which went into effect January 27, 1896, and which has continued in full force and effect since that date."

The case was tried by the court without a jury, who rendered judgment for $1 damages and $125 as a penalty on account of alleged unjust discrimination.

[1] Appellant's first assignment of error, in connection with its first proposition, urges that subdivision 2 of article 6670, Revised Statutes 1911, and not subdivision 1, governs this action for unjust discrimination for delay referable to a connecting carrier, and it is necessary to show a violation of a rule and regulation of the Railroad Commission of Texas before a penalty may be recovered under article 6671. This assignment will have to be sustained, possibly for a different reason than adduced by appellant, though covered by the assignment. As clearly pointed out in Quanah, Acme & Pacific Ry.

Co. v. Jones Lumber Co., 178 S. W. 858, in following the case of Inman v. Ry. Co., 14 Tex. Civ. App. 39, 37 S. W. 37 (writ of error denied), if regulations were not adopted by the Commission under subdivision 2, art. 6670, the penalty would accrue where the statute is violated just the same; but if there were regulations—

"the question as to whether or not there was such a refusal as to incur the penalty would be determined from the consideration of them, as well as of the statute."

Subdivision 2, under article 6670, prescribes that:

"Every railroad company which shall fail or refuse, under such regulations as may be prescribed by the Commission, to receive and transport without delay * * * the passengers, tonnage and cars, loaded or empty, of any connecting line of railroad, and every railroad which shall, under such regulations as may be prescribed by the Commission, fail or refuse * * * to deliver without delay * * * destined to any point on or over the line of any connecting line of railroad, shall be deemed guilty of unjust discrimination."

[2] The word "delay" in the above articles means discrimination, and where delay is shown, a party is entitled to recover the penalty. Gulf, Col. & Santa Fé Ry. Co. v. Lone Star Salt Co., 26 Tex. Civ. App. 531, 63 S. W. 1026 (writ of error denied).

[3] However, under the statute, and in view of the allegations of plaintiff's petition, it is very evident that the regulations of circular No. 199, promulgated by the Commission, alleged by the plaintiff and forming a part of the basis of its recovery, in this instance enters into the suit as an essential element of recovery. In the case of Quanah, Acme & Pacific v. Jones Lumber Co., supra, it was shown that a circular was applicable only to carload lots, and the shipment was one less than carload lots. This record is devoid of circular 199, which plaintiff pleads that defendant violated, regulating the transportation, delivery, and interchanging of freight between connecting carriers. A part of the basis of plaintiff's cause of action not having been shown, the judgment was unwarranted. This court adheres to its ruling that if there is no regulation embracing matters of this kind, subdivision 1, under article 6670, in connection with article 6671, would control.

[4-6] There is tendered, between appellant and appellee, the question of through shipment and through transportation, applicable to this record as a predicate for recovery. The plaintiff did not show a contract of through shipment. The receipt forwarded by the consignor to the consignee does not exhibit, nor tend to prove, a contract of through shipment. Again, this receipt states that the goods were "received in good order, from Butler Bros., subject to the conditions of this company's bill of lading." What constitutes the company's bill of lading, which we assume is the real contract between the parties, is not attempted to be shown. The fact that this receipt discloses that it may have

beeñ issued in Dallas, the initial station of shipment, and the consignee is C. W. Warren, with the destination of the goods as Matador, would not tend to show the through shipment. Goods have to be marked for destination for the benefit of connecting carriers. In the absence of a special contract, or course of business shown to the contrary, an initial carrier, or an intermediate connecting carrier, is bound only to safely carry and deliver to the next carrier. Hunter v. Railway Co., 76 Tex. 195, 13 S. W. 190; Railway Co. v. Jackson, 99 Tex. 347, 89 S. W. 968; Railway Co. v. Brown & Williamson, 99 Tex. 349, 89 S. W. 971; McCarn v. Railway Co., 84 Tex. 358, 19 S. W. 547, 16 L. R. A. 39, 31 Am. St. Rep. 51. Justice Stayton, in the latter case, quotes the language of the Supreme Court of the United States, Myrick v. Railway Co., 107 U. S. 106, 1 Sup. Ct. 425, 27 L. Ed. 325:

"That each road, confining itself to its common-law liability, is only bound, in the absence of a special contract, to safely carry over its own route and safely to deliver to the next connecting carrier. * * *"

Neither do we think that the receipt of H. D. Bishop, the agent at Roaring Springs, which was delivered to Warren by the Motley County Railway Company, tended to prove the through shipment. Article 331a, now 731, does not assist the appellee in any manner. Galveston, H. & S. A. Ry. Co. v. Jones, 104 Tex. 96, 134 S. W. 328. There must be shown something more than receiving and transporting the goods or property under that article to show a contract for through shipment. Same case, supra. The receipts are mere isolated facts.

[7] However, we do not understand that a contract for through shipment, as against the act complained of, would have to be shown to fasten liability. The cause of action here is predicated upon the refusal and failure, willfully manifested, by the Quanah, Acme & Pacific Railway Company to deliver to its connecting carrier, the Motley County Railway Company, the freight in question. The delay and discrimination that carrier is guilty of, and not the delay and discrimination of some other connecting carrier, is the question here. Under the law, it was required to transport and deliver to a connecting carrier, and though a through contract is not shown, but if performed in a manner constituting the delay and discrimination in violation of the statute, the damages and penalty would attach. Its own act is what is complained of.

[8] Plaintiff pleads the violation of circular No. 199. The defendant pleads another circular issued by the Railroad Commission, November 19, 1907. This latter circular seems to be applicable to shipments in less than carload lots, with a graduated penalty embraced therein by the Commission, based upon weight, and extending to the connecting carrier 48 hours additional time at junction points, if necessary to rehandle the shipment. Article 6671, in the event of delay and discrimination, entitled the shipper aggrieved, to "damages sustained in consequence of such violation," besides the penalty in addition thereto. We do not think that the Commission has the right, in this character of action, to prescribe the "damages sustained," and think that the Legislature evidently did not intend to give such power. These goods arrived at Roaring Springs August 27, 1915, and were not delivered to the connecting carrier until August 31st. Appellant says that the record shows that the Commission's order pleaded by it was complied with in reference to the time at junction points. We do not think so. A part of Thursday, all of Friday and Saturday, is longer than the time prescribed. The fact that it did not run a daily freight would be no excuse in failing to take the freight back to the junction.

[9] We dislike to reverse this case on the technicality involved, but judicially we are unable to tell which regulation would be applicable to this shipment; plaintiff pleads one and does not prove it; defendant interposes another and fails to exhibit it as applicable as a proper defense. The act is constitutional. Reversed and remanded.