International & Great Northern Railway Company v.
W. C. Jones et al.

Decided April 1, 1901.

**1.—Connecting. Carriers—Jurisdiction—Parties.**

Where in an action against a connecting carrier for injuries to a through shipment of cattle, the defendant made the initial carrier a party, alleging that the injuries occurred while the cattle were in its possession, and praying for judgment over against such initial carrier in the event plaintiff recovered in the suit, the court properly overruled a plea by the initial carrier to the jurisdiction of the court, made on the ground that its road did not extend into the county of the suit, and that it had no agent or office in such county, since the statute gives jurisdiction in such a case against each and all the carriers engaged in the through shipment. Gen. Laws 1899, p. 214.

**2.—Same—Judgment Over.**

Plaintiffs having recovered judgment against the connecting carrier, a judgment in its favor for the amount was properly rendered against the initial carrier upon proof that the injuries to the cattle occurred wholly upon the latter's line.

Appeal from the County Court of Van Zandt. Tried below before Hon. John S. Spinks.

*Kearby & Kearby,* for appellant.

*Cate, Geddie & Bruce* and *Wynne & Smith,* for appellees.

TEMPLETON, Associate Justice.—The International & Great Northern Railway Company owns and operates a line of road from Henderson, in Rusk County, to Mineola, in Wood County, where it connects with the Texas & Pacific Railway company, which owns and operates a line of road from Mineola to Wills Point, in Van Zandt County. W. C. Jones and I. H. Spikes delivered a lot of cattle to the first named company at Henderson to be transported by said companies from Henderson to Wills Point. The cattle were received by the International & Great Northern Railway Company to be so transported, and were in fact transported by said company from Henderson to Mineola, where they were delivered to the Texas & Pacific Railway Company and transported by that company to Wills Point. The cattle were injured and damaged while en route; and Jones & Spikes brought this suit in the County Court of Van Zandt County against said last named company to recover such damages. The said company, by proper plea, alleged that the injuries to the cattle were caused while the same were in the posses-

sion of the International & Great Northern Railway Company, and asked that said company be made a party, and prayed for judgment over against said company in the event that Jones & Spikes recovered judgment against it. The International & Great Northern Railway Company filed a plea to the jurisdiction of the court based on the ground that its road did not extend into Van Zandt County, and that it had no office or agent in said county. The plea was overruled, and a trial resulted in a judgment in favor of the plaintiffs against the Texas & Pacific Railway Company for $500, and in favor of that company against the International & Great Northern Railway Company for a like sum, from which judgment the latter company has appealed.

It was shown conclusively that the cattle were injured as claimed by plaintiffs, and that the damages amounted to the sum recovered. The evidence is sufficient to show that the damages were caused by the negligence of the appellant, and while it held the cattle.

The plea to the jurisdiction was properly overruled. This suit was brought under chapter 125, Acts of 1899, which provides, "That whenever any * * * property had been transported over two or more railroads operating any part of their roads in this State, * * * suit for loss or damages thereto * * * may be brought against any one or all of such railroad corporations * * * in any county in which either of such railroads extend or is operated." See Gen. Laws, 1899, p. 214. Under this statute the plaintiffs could have made the appellant a party to the suit and had judgment against it for their damages.

The contention of the appellant is, that even if the plaintiffs could have maintained their suit against it in Van Zandt County, the Texas & Pacific Railway Company could not make it a party to the suit and have judgment over against it, but that the remedy of the Texas & Pacific Railway Company, in case of a recovery against it by the plaintiffs for damages caused by appellant, was an independant suit against appellant in some county into which its road extended or in which it had an office or agent. The appellant was primarily liable to the plaintiffs in this suit for the damages to the cattle, and the Texas & Pacific Railway Company was liable for such damages only by virtue of the provisions of our statute and by reason of being a connecting carrier. This being the case the said company was entitled to recover of appellant the damages adjudged against it at the suit of plaintiffs. The statute authorized the plaintiffs to bring appellant into said court in said suit, and we see no good reason why the defendant in the suit should not be permitted to do so and have the rights and liabilities of all the parties settled on one trial. Any other holding would result in expensive, unnecessary, and interminable litigation, and the party on whom ultimate liability rested would be the last to suffer. Such a result can not have been intended by the Legislature.

The appellant insists that the Texas & Pacific Railway Company was not liable to the plaintiffs, and that therefore the said company ought

to have judgment against it. The language of the statute is sufficiently comprehensive to fix liability on all carriers concerned in the transportation of property on a through shipment for damages to such property, no matter whether the damages occurred on the particular line of road sought to be held responsible, or some one or more of the other lines of road over which the property was transported. We are of opinion that such was the intention of the Legislature. We think that it was the obvious purpose of the Legislature to relieve the shipper of the great trouble and inconvenience of going into a foreign jurisdiction to obtain compensation for his injuries. The statute is just to the carriers, since under it, if the corporation not directly at fault is sued, it may make the guilty company a party and have judgment over against such company for the sum it is compelled to pay. It can not be doubted that it is within the power of the Legislature to regulate the venue of suits, and it will hardly be denied that in cases like the one at bar, it was intended to confer jurisdiction over the wrongdoing company upon the proper court of any county having jurisdiction over any of the companies over whose lines the property was transported.

We find no error in the judgment and it is affirmed.

*Affirmed.*