Houston & Texas Central Railroad Company v. J. R. Groves.

Decided December 4, 1907.

**1.—Carriers—Connecting Lines.**

A railway completing the transportation of one of two packages shipped from another State, over various connecting lines of road under a contract by the initial carrier, to whom the through freight was paid in advance, which limited its liability to losses occurring on its own line, can not be held liable for the loss of the other package which never came into its hands, being lost by the initial carrier, in the absence of proof of partnership or joint undertaking for the transportation.

**2.—Same.**

The carrier, under such a contract, would not be liable for goods never coming to its hands by receiving its proportionate share of the freight, nor will a point liability be presumed from its receiving and hauling the freight; nor would an arrangement with the connecting lines for receiving and hauling freight from each other, one collecting the entire toll, imply a joint undertaking of each to answer for loss by the other.

Appeal from the County Court of Limestone County. Tried below before the Hon. James Kimbell.

*Baker, Botts, Parker & Garwood* and *Williams & Bradley,* for appellant.

No brief on file for appellee.

RICE, Associate Justice.—This suit was brought by appellee Groves in the Justice's Court to recover of appellant the value of certain household goods shipped from Junction City, Arkansas, to Groesbeck, Texas, and alleged to have been lost en route.

On trial the plaintiff recovered judgment in the Justice's Court, from which the defendant company appealed to the County Court, where judgment was again rendered against it in favor of the plain-

tiff for $190, the amount sued for, from which last judgment it has appealed to this court.

The material allegations of the citation upon which the case was tried are, that the plaintiff shipped certain household goods amounting in the aggregate to the sum of $192.50, from Junction City, Arkansas, to Groesbeck, Texas, and routed said goods over the line of the defendant, alleging that the same had never been delivered to him, and that the defendant company negligently permitted the loss or destruction thereof; that the shipment was made under a bill of lading, and that defendant operated a line of railway in and through the State of Texas, over which it undertook to haul plaintiff's goods.

The defendant answered by general demurrer and general denial. Upon trial in the County Court, a jury having been waived, it was shown that plaintiff, on November 7, 1905, delivered for shipment at Junction City, Ark., to the Arkansas Southern Railroad Company, a sewing machine in one case and a box of household goods in another, which shipment was routed by said Arkansas Southern Railroad Company over its own line from Junction City, Ark., to Winfield, Louisiana, thence over the Arkansas & Louisiana Railroad Co.'s line to Hope, Arkansas, thence over the St. Louis & San Francisco Railroad Co.'s line to Sherman, Texas, and from thence over defendant's line to Groesbeck, Texas. The case containing the sewing machine was promptly forwarded over said lines of railway, reached Groesbeck, and was promptly delivered to plaintiff by defendant, but the box of household goods was never received by defendant or any of the other companies except the initial carrier, and was checked "short" at Winfield, La. The freight was paid in advance to the initial carrier, and the defendant received its proportional part of the entire freight money; that the bill of lading under which the shipment was made contained, among other provisions, the following: "This company shall not be responsible under this bill of lading for loss or damage of any kind beyond its own line, but upon delivery of said property to its connecting carrier all responsibility of every kind therefor shall cease and terminate." It was proved without dispute that the goods were worth $190, the amount of the judgment.

This was an interstate shipment, and it appears from the evidence that the defendant company never received the box of household goods, for the value of which this suit was instituted; that the same never came into the possession of any of the intermediate carriers under said bill of lading, and was in fact checked "short" at Winfield, Louisiana, the terminus of the initial carrier. There was no allegation nor proof, nor attempted proof, of any partnership, agency or joint traffic arrangement of any kind between any of said above-named carriers.

Appellant by its first and second assignments raises the sufficiency of the evidence to sustain the judgment, contending that the facts in the case fail to show any liability on its part for the loss of the goods, but that the loss of the same was caused by another party, to wit, the Arkansas Southern Railroad Company, with which this defendant is not shown to have any business connections whatever; that the shipment was under a contract limiting liability for damage or

loss to such as might occur on the line of the initial carrier; and as the box of household goods was, in fact, lost on the line of the initial carrier, and there being no allegation, agreements or proof of any relation of partnership, agency or a joint operating arrangement existing at any time among any of said carriers, the judgment should have been for the defendant.

We think, under the settled law of this State, that the contention of appellant should have been sustained. In interstate shipments it is clearly settled that article 331 of Sayles' Revised Civil Statutes does not apply, but that each company has the right by contract to limit its liability to such loss as may occur on its own line, and that no recovery can be had in such cases for loss occurring on the lines of connecting carriers in the absence of allegation and proof of partnership or some joint traffic arrangement between the several connecting carriers. (Texas & N. O. Ry. Co. v. Berry, 31 Texas Civ. App., 3; Gulf, C. & S. F. Ry. Co. v. Baird, 75 Texas, 256; Ft. Worth & D. C. Ry. Co. v. Williams, 77 Texas, 121; McCarn v. International & G. N. R. R. Co., 84 Texas, 352; Ft. Worth & D. C. Ry. Co. v. Fuller, 3 Texas Civ. App., 340.)

Where plaintiffs plead the contract of carriage, as in this case, its provisions enure to the benefit of the defendant without being pleaded by it. (Gulf, W. & T. P. Ry. Co. v. Griffith, 24 S. W. Rep., 362.)

There are no conclusions of law and fact found by the trial court in this case, and we are at a loss to know upon what fact the court predicated its judgment, but suppose that it must have done so upon the idea that the defendant company received its proportional part of the freight money. But this fact alone would not sustain the judgment of the court, since it has been held in this State that no joint liability exists by reason of the mere receipt of the proportionate part of the general freight rate charged, where the loss occurs on another than the defendant's line. (Galveston, H. & S. A. Ry. Co. v. Johnson, 37 S. W. Rep., 243.)

It has likewise been held that a joint liability with the company that executed the bill of lading or ratification of the contract by transporting the freight will not be presumed from the fact that the defendant received and hauled the car, and collected the charges. (Miller & Co. v. Texas & N. O. Ry. Co., 83 Texas, 518.) And it has likewise been held that an arrangement between two companies that each should receive traffic from the other, and one collects the entire toll for same, would not create such agency or relation between them as to render one liable for injury or loss caused by the other. (Western U. Tel. Co. v. Lovely, 52 S. W. Rep., 563.)

We think, under the facts of this case, that judgment should have been rendered for the defendant. We therefore reverse, and render the judgment in favor of appellant.

*Reversed and rendered.*