W. A. BLACKBURN v. CHICAGO, ROCK ISLAND & GULF RAILWAY COMPANY.

Decided November 28, 1908.

1.—Carriers—Connecting Lines—Through Shipment—Authority of Local Agent.

In the absence of an agreement or course of business to the contrary, the initial carrier is bound only to safely carry and deliver to the connecting carrier, and a local freight agent of a railroad company has no implied authority to bind the corporation to carry freight beyond its line. Gulf, C. & S. F. Ry. Co. v. Edwards, 99 Texas, 343, followed.

2.—Same—Proof of Agent's Authority.

Evidence of previous course of business in interstate shipments of live stock considered and held insufficient to prove authority on the part of the local agent of a railway company to bind it by a contract to transport over other lines of road.

3.—Harmless Error.

Errors by the trial court present no ground for reversal where the case must be affirmed upon issues which such errors do not affect.

Appeal from the District Court of Potter County. Tried below before Hon. J. N. Browning.

*Veale, Hazlewood & Underwood,* for appellant.—The jury was improperly instructed that the written contract signed subsequent to the verbal contract under which plaintiff's stock was delivered to defendant and loaded on its cars for shipment would be binding upon plaintiff. Missouri, K. & T. Ry. Co. v. Carter, 29 S. W., 565; Texas & Pac. Ry. Co. v. Avery, 46 S. W., 897; Southern Pac. Ry. Co. v. Anderson, 63 S. W., 1023; Gulf, C. & S. F. Ry. Co. v. Jackson & Edwards, 99 Texas, 343; Galveston, H. & S. A. Ry. Co. v. Botts, 55 S. W., 514.

Agent's authority may be inferred from previous course of dealing. Gulf, C. & S. F. Ry. Co. v. Jackson and Edwards, 99 Texas, 343; Houston & T. C. Ry. Co. v. Faulkner, 63 S. W., 655.

*N. H. Lassiter, Robert Harrison* and *Turner & Boyce,* for appellee.—If said alleged oral contract be so construed as to bind the defendant to transportation beyond the terminus of its line, still plaintiff could not recover thereon, for the reason that the local agent of the railway company at Amarillo, Texas, was without apparent authority to make such contract, no evidence was offered by plaintiff that would show such authority and the court should have so instructed the jury. Gulf, C. & S. F. Ry. Co. v. Jackson & Edwards, 99 Texas, 343; 5 Am. & Eng. Enc. of Law, 352; Hutchinson on Carriers, sec. 241.

CONNER, CHIEF JUSTICE.—Appellant appeals from an adverse judgment in a suit instituted against appellee for damages to a shipment of horses and mules from Amarillo, Texas, to Memphis, Tennessee. As alleged in appellant's petition, and as shown by the undisputed proof, appellee's line of railway extends from Amarillo,

Texas, to Texola, on the boundary line between the States of Texas and Oklahoma, where it connects with the Chocktaw, Oklahoma & Gulf Railway. Appellant alleged that the two railways formed a continuous line over which the shipment was made and were operated under one management; that the companies operating the same were partners and each the agent for the other in the shipment made. Then followed the usual averments of the making of the contract of shipment, of unreasonable delays, of negligence in handling the horses and mules whereby they were greatly injured, to appellant's damage, etc.

Appellee denied the alleged partnership under oath, no evidence thereof was offered, nor was the issue submitted or request for submission made, so that we may therefore dismiss this issue without further notice. The principal contest on the trial seems to have been over the form and terms of the contract of shipment. Appellee, in answer to the petition, alleged that the contract was in writing and limited the liability of appellee to its own line. Appellant replied that the contract was for through shipment, was oral, and without limitation of liability, and that the written contract pleaded by appellee was without consideration, was executed under duress, and therefore void.

The only assigned errors go to the charge of the court in submitting the issues as to the character of the contract of shipment and upon the measure of damage, all of which we have concluded are immaterial. The proof seems undisputed that appellee duly transported appellant's horses and mules to Texola without unreasonable delay, and there delivered them to its connecting carrier without injury. The proof is likewise undisputed that the written contract, if it is to govern, limited appellee's liability to its own line, and that the oral contract relied upon by appellant was made with appellee's local station agent at Amarillo.

We find no evidence that in our judgment relieves this case from the effects of the decision in the interstate shipment case of the Gulf, C. & S. F. Ry. Co. v. Jackson & Edwards, 99 Texas, 343. It was there decided by our Supreme Court that "in the absence of an agreement or course of business to the contrary the initial carrier is bound only to safely carry and deliver to the next carrier," and that "a local freight agent of a railroad company ordinarily has no authority to bind the corporation to carry freight beyond its line." If, therefore, it be assumed that the contract of shipment was oral and without limitation, as appellant insists, he has no right thereunder to hold appellee liable for the negligence of the connecting carrier without further showing that the local agent, with whom the contract of through shipment was made, was authorized to act as he did, or that appellee was engaged in such course of business. No attempt was made to show that the agent at Amarillo had any express authority to make the contract upon which appellant insists, and the only evidence relied upon as showing that such was appellee's course of business, and hence that authority is to be implied, was that of appellant himself, and of one witness, N. S. McGee. Appellant testified in substance "that previous to this shipment he had

made only one shipment over the Rock Island, and that shipment had gone to Kansas City; that he had made arrangements for cars and rates before the cattle were loaded in that instance, and through freight was collected at Kansas City. He also testified that before the cattle left Amarillo, he signed an instrument which the witness called a pass, similar to the contract offered in evidence in this case, which contract by express terms, limited the liability of the defendant to its own line." N. S. McGee testified in substance "that about thirty days before the shipment of plaintiff's horses the witness had made a shipment of horses and mules to Memphis, Tenn., over the same line plaintiff's shipment moved, that he had made a verbal contract with the agent at Amarillo for this shipment, the freight rate being named, and it having been paid to the agent before the stock went out of the yards. He testified on cross-examination that before the stock left Amarillo he signed up a pass contract; that he did not know what kind of a contract it was, but it was the usual pass contract that the. shipper in charge signs up, that he did not know what said contract contained, as he had never read it."

This testimony, we think, entirely fails to show that at the time in question appellee was engaged in the business of through interstate transportation, or of knowingly permitting its local freight agents to make contracts therefor, oral or otherwise. Two or three instances of the kind are wholly insufficient to establish a custom within the knowledge of appellee, particularly when in the instances relied upon it appears that written contracts were required similar to the written contract in this case, which confessedly is. not for through shipment to Memphis, and limited appellee's liability to its own line.

It follows that under the undisputed proof appellant was not entitled to recover from appellee under either the written or oral contract for the wrongs of another, and that therefore the errors of the court, if any, in submitting the issues relating to measure of damage and to the contracts in question are immaterial.

We conclude that the judgment should be affirmed.

*Affirmed.*

Writ of error refused.