**GULF, C. & S. F. RY. CO. et al. v. HINES et al. (No. 804.)**

Court of Civil Appeals of Texas. Waco. May 2, 1929.

Rehearing Denied June 20, 1929.

834

See, also, 4 S.W.(2d) 641.

Cantey, Hanger & McMahon, E. A. McCord, and Lee, Lomax & Wren, all of Fort Worth, and J. O. Lockett, of Cleburne, for appellants.

O. O. Chrisman, of Cleburne, and J. D. Kugle, of Dallas, for appellees.

STANFORD, J. Appellees Tom Hines and son, B. J. Hines, sued the Gulf, Colorado & Santa Fé Railway Company for damages to a shipment of live stock consisting of eight jacks, seven jennets, four mules, and one mare, shipped from Venus, Johnson county, Tex., to Dallas, to be unloaded at the Fair Grounds. Appellees alleged that the car, upon reaching Dallas, was placed upon a side track or transfer track and negligently left standing there for about 6½ hours in an open stock car, and that it was cold, rainy weather, and said stock became cold and chilled.; that as a result of such exposure three of the jacks contracted pneumonia, and that as a result thereof two of them died two days later; that said two jacks which died were of the reasonable market value of $750 each.

Appellant Gulf, Colorado & Santa Fé Railway Company impleaded the Texas & Pacific Railway Company, alleging that, if it was liable by reason of the facts alleged in plaintiffs' petition and plaintiffs recovered against it, then it should be permitted to recover against the Texas & Pacific Railway Company for any judgment that might be recovered against it, in that it promptly transported said shipment of stock from Venus, Tex., to Dallas, Tex., and to the transfer track of the Texas & Pacific Railway Company without any injury or damage to said stock; that it promptly notified the Texas & Pacific Railway Company that it had placed said car on said transfer track, which belonged to the Texas & Pacific Railway Company, giving the number of said car and the exact point to which it was to be transported. Appellant Gulf, Colorado & Santa Fé Railway Company alleged further that its contract with plaintiffs required said car to be delivered to plaintiffs for unloading at or near the Fair Grounds, and for delivery at such place it was necessary for said car to be placed upon the transfer track of the Texas & Pacific Railway Company, connecting the lines of the Gulf, Colorado & Santa Fé and the Texas & Pacific Railway Company, and by said latter company carried over its said transfer line to its unloading yard or switch at or near the Fair Grounds, said transfer line and unloading yards all owned and operated by said Texas & Pacific Railway Company; that delivery of shipments such as plaintiffs' were customarily made by the Gulf, Colorado & Santa Fé Railway Company to the Texas & Pacific Railway Company by placing such car on said transfer track, and the final delivery made by said company on its said line at or near the Fair Grounds, and that such delivery by the Texas & Pacific Railway Company as a connecting carrier was required of it by the laws of this state, under the regulations of the Texas Railway Commission, and the lawful charge for this service as prescribed by the tariff on file with said Texas Railway Commission, etc., was paid to said Texas & Pacific Railway Company by the Gulf, Colorado & Santa Fé Railway Company, whereby said Texas & Pacific Railway Company became obligated to promptly transport said car containing plaintiffs' stock from said transfer track to its final destination at or near the Fair Grounds; and that whatever damages plaintiffs sustained were the result of the failure of the Texas & Pacific Railway Company to promptly transport and deliver said car to plaintiff at the Fair Grounds for unloading, etc.

The Texas & Pacific Railway Company filed its plea of privilege to be sued in Dallas county, alleging 'the district court of Johnson county had no jurisdiction over it because it was not a resident of Johnson county, but was

domiciled in Dallas county, etc. The plea of privilege was tried in connection with the trial of the case on its merits, and said plea was overruled.

In response to special issues submitted by the court the jury found as follows:

(1) The car of live stock belonging to the plaintiffs was not delivered at its destination at the Fair Grounds at Dallas, Tex., with reasonable diligence and dispatch.

(2) The failure to deliver said stock at the Fair Grounds with reasonable diligence and dispatch constituted negligence.

(3) The negligence of the Gulf, Colorado & Santa Fé Railway Company, its agents and employees, was the proximate cause of the death of the two jacks, the value of which is sued for in this case.

(4) The failure to deliver said stock at the Fair Grounds with reasonable diligence and dispatch also constituted negligence on the part of the Texas & Pacific Railway Company, acting in this instance as the agent of the defendant Gulf, Colorado & Santa Fé Railway Company.

(5) The negligence on the part of the Texas & Pacific Railway Company was the proximate and sole cause of the death of the two jacks, the value of which is sued for in this case.

(6) Said jacks did have a cash market value at the time and place of their death.

(7) The reasonable cash market value of the two jacks at the time of their death was $1,000.

In response to special issues requested by the Texas & Pacific Railway Company and given by the court, the jury found as follows:

(1) The pneumonia from which said animals died did not have its inception prior to the time of loading them on the car at Venus, Tex., on the morning of October 9, 1925.

(2) The death of the animals involved in this case was not the proximate result of the inherent vice of such animals and the natural propensities of such animals to become sick and die.

(3) The pneumonia from which said animals died did not have its inception prior to the time they were delivered to the defendant Texas & Pacific Railway Company.

(4) The plaintiffs were not guilty of negligence in permitting the jacks in question to remain in the car during the night and morning of October 8 and 9, 1925, before permitting the same to be transported to Dallas, Tex.

Upon the above findings of the jury and such other findings as the court was authorized by the pleadings and evidence to make, the court, after overruling the plea of privilege, entered judgment for appellees against the Gulf, Colorado & Santa Fé Railway Company for $1,000, and a judgment in favor of the Gulf, Colorado & Santa Fé Railway Company against the Texas & Pacific Railway Company for a like amount. From said judgments the Gulf, Colorado & Santa Fé Railway Company and the Texas & Pacific Railway Company have both appealed, and present the record here for review. This is the second appeal in this case, the opinion on the former appeal being reported in (Tex. Civ. App.) 4 S.W.(2d) 641.

Appellant Texas & Pacific Railway Company, under its first and second propositions, contends the trial court erred in overruling its plea of privilege. By both pleading and evidence it is shown that the Gulf, Colorado & Santa Fé Railway issued to appellees its live stock contract, obligating it to transport said shipment from Venus, Johnson county, Tex., to Dallas, Tex., to be delivered to the Fair Grounds to be unloaded by the appellees; that appellees paid the Gulf, Colorado & Santa Fé Railway Company the usual freight charges for such service; that the tracks of the Gulf, Colorado & Santa Fé Railway Company do not extend to the Fair Grounds, but do extend to Dallas, and to what is known as the transfer track belonging to the appellant, which transfer track was a connecting line between the line of the Gulf, Colorado & Santa Fé Railway Company and the Texas & Pacific Railway Company, the lines of which last-named company do extend to the Fair Grounds; that the delivery of shipments such as appellees' was customarily made by the Gulf, Colorado & Santa Fé Railway Company to the Texas & Pacific Railway Company, by placing the car on said transfer track and notifying the Texas & Pacific of said car, its destination, consignee, etc., whereupon the Texas & Pacific would make final delivery at the Fair Grounds, the distance transported by the Texas & Pacific being about three-fourths of a mile, and the lawful charge for this service was paid to said Texas & Pacific Railway Company in this instance by the Gulf, Colorado & Santa Fé Railway Company. In the controverting affidavit filed by the Gulf, Colorado & Santa Fé Railway Company to the plea of privilege, it is alleged:

"That it is not true as alleged by said Texas & Pacific Railway Company that none of the exceptions to the exclusive venue in the county of one's residence, mentioned in Article 1995 or Article 2395 of the Revised Civil Statutes of this state exist in this case; and that it is not true as alleged by said Texas & Pacific Railway Company that this suit does not come within any of the exceptions provided by law in such cases authorizing this suit to be brought and maintained in Johnson County, Texas, or elsewhere outside of Dallas County, Texas.

"That as appears from the plaintiffs' petition, and the cross bill filed herein by contestant against the said Texas & Pacific Railway Company (to which petition and cross bill contestant here refers, and asks to be considered as part hereof) this is a suit arising from damage and loss to a shipment of

freight by reason of its transportation, which shipment was handled between Venus, Johnson County, Texas, and a point on the railway line and track of said Texas & Pacific Railway Company in Dallas, Dallas County, Texas, partly by contestant and partly by said Texas & Pacific Railway Company. That both contestant and said Texas & Pacific Railway Company are common carriers, operating and doing business as such in the State of Texas, both of whom have agents and representatives in this State, and wherefore, under subdivision 24 of article 1995 (1830—25) of the Revised Civil Statutes of this State, this suit is properly brought and is being properly prosecuted in Johnson County, Texas, where contestant does business and has an agent and representative."

■■ On the former appeal of this case, under the same state of facts as are involved herein and on the same pleadings as shown herein, the Honorable Court of Civil Appeals at Fort Worth held, and correctly so, we think, that the service performed by appellant Texas & Pacific Railway Company in transporting said car of stock from said transfer track to the Fair Grounds was by said company so performed as a connecting common carrier with the Gulf, Colorado & Santa Fé Railway Company, the initial carrier, within the purview of article 905, Revised Civil Statutes; and this being true, said suit was maintainable against one or more of such carriers in any county where either was doing business or had an agent or representative, and, so holding, overruled the plea of privilege by the Texas & Pacific Railway Company. Gulf, C. & S. F. Railway Co. et al. v. Hines (Tex. Civ. App.) 4 S.W.(2d) 641, and cases cited. The controverting affidavit of the Gulf, Colorado & Santa Fé Railway Company and the other pleadings referred to, and made a part of same, and the evidence adduced in support thereof, are sufficient to show that the Gulf, Colorado & Santa Fé Railway Company and the Texas & Pacific Railway Company are connecting common carriers, and that the shipment of appellees' stock involved herein was a contract of through shipment from Venus in Johnson county to the Fair Grounds in Dallas county over the lines of said two connecting common carriers, acted upon by such carriers. But appellant Texas & Pacific Railway Company contends that while appellees probably had the right to maintain this suit in Johnson county against both said carriers, as appellees sued and sought judgment only against the Gulf, Colorado & Santa Fé Railway Company, the initial carrier, such initial carrier did not have the right in the suit in Johnson county to implead the Texas & Pacific Railway Company, and maintain its cross-action to recover over against it. Appellant Texas & Pacific Railway Company, being a connecting common carrier in this case within the purview of article 905, Revised Civil Statutes, and participating in the transportation of said shipment from a point in Johnson to a point in Dallas county under a through contract for shipment between said points, was suable in Johnson county under the provisions of article 1995, § 24, Revised Civil Statutes, and it was immaterial whether such suit against the Texas & Pacific Railway Company was maintained by appellees, or by its codefendant, the Gulf, Colorado & Santa Fé Railway Company, on its cross-bill. International & G. N. Ry. Co. v. Jones et al., 26 Tex. Civ. App. 167, 62 S. W. 1075 (writ refused). See also Nation v. S. A. Southern Ry. Co., 115 Tex. 431, 283 S. W. 157; Texas & P. Ry. Co. v. Henson, 103 Tex. 598, 132 S. W. 118. We overrule these propositions.

■ Under propositions 3 to 8, inclusive, appellant Texas & Pacific Railway Company contends, in effect, that the findings of the jury are not supported by the evidence, and that the evidence was insufficient to warrant the submission of any issue to the jury, or at least any issue on the question that any negligence of the Texas & Pacific Railway Company was the sole and proximate cause of the death of the two jacks. Appellees alleged the injury occurred after the car arrived at Dallas and was placed on the transfer track. The record shows the car arrived at Dallas and was placed on the transfer track about 3 o'clock p. m. and was not transported to the Fair Grounds for unloading until 9 or 9:30 p. m. of the same date. There is evidence that the stock were in good condition and all right when the car left Venus on the morning of the 9th of October. There is also evidence that said stock were in good condition when said car arrived at Dallas and was placed on the transfer track about 3 p. m. of the same day; that from 3 p. m. up to to the time the stock was unloaded about 9:30, it had become much colder—a cold rain having come up from the north. The car was a slatted car, and the stock was exposed to the cold rain and wind from the north, and became chilled and were shivering when they were unloaded about 9:30 at the Fair Grounds. In a day or so two of said jacks were found to have pneumonia, from the effects of which they died. Two veterinary physicians attributed the pneumonia to the exposure of said animals to the cold while in the open stock car for six or seven hours on the transfer track. Notwithstanding the officials of the Texas & Pacific Railway Company were several times requested to transport said car to the Fair Grounds, there appears no good reason why said car remained on the transfer track six or seven hours. We have examined all the evidence, and think it is ample to support the findings of the jury. These propositions are overruled.

■ Under its eleventh, twelfth, and thirteenth propositions, said appellant contends, in effect, that the first five issues were too broad and general, etc. The negligence al-

leged was the failure to deliver said car at the Fair Grounds with reasonable dispatch. The issue submitted was whether the car was delivered at its destination at the Fair Grounds with reasonable dispatch. The issues submitter are no broader nor more general than the issues made by the pleading and evidence. There is no merit in these contentions, and they are overruled.

■ Under its sixteenth proposition said appellant contends, in effect, that by special issues 1 to 5, inclusive, the court placed upon it a greater burden than required by law, in that no absolute duty rested upon appellant to deliver said stock with reasonable dispatch, but only to exercise ordinary care to do so. We will not again set out the findings of the jury, but will say the special issues submitted by the court and the findings of the jury in response thereto, taken together, are not subject to the criticism made by appellant. There is no merit in this contention. The same is also true of appellant's eighteenth, nineteenth, twentieth, and twenty-first propositions, wherein it is contended all of said issues are on the weight of the evidence.

Under its twenty-fifth and twenty-sixth propositions, appellant Texas & Pacific Railway Company contends, in effect, that the findings of the jury are contradictory. To fully understand the question here raised, it will be necessary to set out the issues and the answers of the jury thereto in full, which are as follows:

"No. 1: Was the car of livestock belonging to the plaintiffs delivered at its destination at the Fair grounds at Dallas, Texas, with reasonable diligence and dispatch? (Answer yes or no). Answer: No.

"If you have answered the above special issue 'Yes,' you need not answer the following special issue, but if you have answered the same 'No,' then you will answer the same.

"No. 2: Did the failure to deliver said stock at the Fair grounds with reasonable diligence and dispatch constitute negligence, as hereinafter defined? (Answer yes or no). Answer: Yes.

"If you have answered the above special issue number two 'Yes,' then you will answer the following special issue, but if you have answered the same 'No,' you need not answer the same.

"No. 3: Was such negligence on the part of the defendant, Gulf, Colorado & Santa Fé Railway Company, its agents and employees, the proximate cause of the death of the two jacks, the value of which is sued for in this case? (Answer yes or no). Answer: Yes.

"If you have answered special issue number two in the affirmative, and in that event only then you will answer:

"No. 4: Did the failure to deliver said stock at the Fair grounds with reasonable diligence and dispatch also constitute negligence on the part of the Texas & Pacific Railway Company, acting in this instance as the agent of the defendant, Gulf, Colorado & Santa Fé Railway Company? (Answer yes or no). Answer: Yes.

"If you have answered special issue number four in the affirmative, and in that event only, then you will answer the following:

"No. 5: Was such negligence on the part of the Texas & Pacific Railway Company the proximate and sole cause of the death of the two jacks, the value of which is sued for in this case? (Answer yes or no). Answer: Yes."

As indicating the exact point here raised, appellant says: "Briefly, our position is that, under the pleadings and the evidence, it is an impossibility for both the defendants, G., C. & S. F. Railway Company, and the Texas & Pacific Railway Company, to be guilty of negligence in the respects inquired about."

■ The fallacy of this argument is that appellant fails to take into consideration that the first issue answered by the jury was as to the negligence, not only of the Gulf, Colorado & Santa Fé Railway Company, but also its agents, and that the Texas & Pacific Railway Company, in handling the shipment, was acting as agent for the Gulf, Colorado & Santa Fé Railway Company. As far as the plaintiffs were concerned, it was immaterial whether the death of the two jacks was caused by the negligence of the Gulf, Colorado & Santa Fé Railway Company itself, or the negligence of its agent, the Texas & Pacific Railway Company. The plaintiffs did not sue the Texas & Pacific Railway Company, but the Gulf, Colorado & Santa Fé Railway Company had impleaded the Texas & Pacific Railway Company and had alleged that the negligence of said Texas & Pacific Company was the proximate and sole cause of the death of the two jacks, and in order to submit the cross-action of the Gulf, Colorado & Santa Fé Railway Company against the Texas & Pacific Railway Company to the jury, it was proper for the jury to find whether they meant by their first answer that the said agent of the Gulf, Colorado & Santa Fé Railway Company was negligent, and, if so, whether such negligence on the part of such agent was the proximate and sole cause of the loss. There is no merit in these contentions.

We have considered all of the assignments of both appellants, and, finding no reversible error, overrule same and affirm the judgment of the trial court.