**STRICKLAND TRANSPORTATION COMPANY, Inc., Appellant,**

v.

**BROWN EXPRESS, Appellee.**

**No. 13422.**

Court of Civil Appeals of Texas.

San Antonio.

Feb. 18, 1959.

Currie, Kohen & Freeman, Dallas, for appellant.

Anderson & Porter, Corpus Christi, for appellee.

BARROW, Justice.

This is a plea of privilege case. The suit was originally brought by Eli Smith, hereinafter called shipper, against Brown Express, a common motor carrier, hereinafter called Brown. Brown answered, and by third party action impleaded Strickland Transportation Company, Inc., also a common motor carrier, hereinafter called Strickland. Strickland filed its plea of privilege to be sued in Dallas County, Texas, the county of its domicile. The original plaintiff, Eli Smith, seeks no relief against Strickland.

The case was presented to the trial court and to this Court upon stipulated facts, as follows:

On May 12, 1956, the shipper tendered to Brown at Dilley, Texas, a truck load of onions for immediate transportation to Chicago, Illinois, and Brown issued its regular bill of lading for the shipment. According to the terms of the bill of lading, Brown undertook to carry the shipment to its destination only if the destination was on its own line; otherwise Brown was required to transport it only to a con-

necting carrier. Brown did not serve Chicago, Illinois, consequently only undertook to deliver the shipment to another carrier on the route to said destination. Accordingly, on May 14, 1956, Brown delivered the trailer-load of onions to Strickland at San Antonio, Texas, which is en route from Dilley to Chicago. According to the recitations in the bill of lading, the onions were in apparent good order and condition when shipper delivered them to Brown at Dilley. They were also in good order and condition when Brown delivered them to Strickland at San Antonio. When the onions were tendered for delivery to the consignee at Chicago, they were in bad condition and were refused by the consignee, and subsequently sold by Strickland for $75. It was further stipulated that onions are an agricultural commodity, and on the occasion in question nothing else moved on the trailer except this one truck load of onions, and the shipment moved from San Antonio, where Strickland received it, to Chicago, in the same trailer in which it was received, and nothing else moved in connection with this shipment. The shipment was not governed by any tariff rate but moved under a contract, so far as the transportation was concerned.

According to the pleadings, the shipper sought to recover his damages from defendant Brown. Brown's prayer for relief against Strickland is that: "In the event any recovery is made by Eli Smith herein that Brown Express have judgment over and against Strickland Transportation Co., Inc. for all of such damages and any costs expended herein, * * *."

Strickland filed its plea of privilege in statutory form and in due time. Brown controverted by affidavit, asserting venue in Nueces County under Subdivision 24, Article 1995, Vernon's Ann.Civ.Stats. It also asserted that Strickland was a proper party by virtue of Rules 37 to 40, Texas Rules of Civil Procedure, and further asserted that Brown has an agent or representative in Nueces County, Texas, the county in which this suit was brought.

Upon a hearing, the plea of privilege was overruled by the trial court, and this appeal is from that judgment.

Appellant, Strickland, seeks a reversal of the judgment upon one point: "There being no right of recovery existing in favor of appellee against appellant, the trial court erred in refusing to sustain the appellant's plea of privilege."

Subdivision 24, Article 1995, Vernon's Ann.Civ.Stats., provides:

"Carriers.—Suits arising from damage or loss to any passenger, freight, baggage or other property, by reason of its transportation, or contract in relation thereto, in whole or in part by one or more common carriers or the assignees, lessees, trustees or receivers thereof, operating or doing business as such in this State, or having agents or representatives in this State, may be brought against one or more of those so doing business, in any county where either does business or has an agent or representative."

It is evident that under the provisions of that subdivision, Brown could not maintain its third party action for recoupment of loss by virtue of the claim of the shipper against Strickland in the county where Brown has an agent or does business, unless Brown is liable to the shipper, either under its contract with the shipper, or under the law regulating interstate shipments.

■ Prior to the enactment of Sections 20(11) and 20(12) of Title ,49 U.S.C.A. (commonly known as the Carmmack Amendment) each carrier in interstate commerce was liable only to the extent of his own route and for the safe storage and delivery to the next carrier, Michigan Central R. Co. v. Mineral Springs Mfg. Co., 16 Wall. 318, 324, 21 L.Ed. 297, 301, unless its liability is established by contract. Pennsylvania R. Co. v. Stewart, 155 U.S. 333, 15 S.Ct. 136, 39 L.Ed. 176. This rule has been followed by the Texas Courts.

Gulf, C. & S. F. Ry. Co. v. Lewine, Tex. Civ.App., 29 S.W. 835; Michigan Cent. Ry. Co. v. Myrick, 107 U.S. 102, 1 S.Ct. 425, 27 L.Ed. 325; St. Louis Southwestern Ry. Co. v. Cohen, Tex.Civ.App., 55 S.W. 1123; Gulf, C. & S. F. Ry. Co. v. Short, Tex.Civ.App., 51 S.W. 261; Hunter v. Southern Pac. Ry. Co., 76 Tex. 195, 13 S. W. 190; Crawford v. International & G. N. Ry. Co., Tex.Civ.App., 109 S.W. 987; Galveston, H. & S. A. Ry. Co. v. Noelke, Tex.Civ.App., 110 S.W. 82; Blackburn v. Chicago, R. I. & G. R. Co., 52 Tex.Civ. App. 443, 115 S.W. 874; St. Louis Southwestern Ry. Co. of Texas v. Wester, Tex. Civ.App., 96 S.W. 769; Houston & T. C. Ry. Co. v. Groves, 48 Tex.Civ.App. 45, 106 S.W. 416; American Refrigerator Transit Co. v. Chandler, Tex.Civ.App., 93 S.W. 243; Missouri, K. & T. R. Co. of Texas v. Elliott & Dial, 99 Tex. 286, 89 S.W. 767; Houston, E. & W. T. Ry. Co. v. Eastern Texas Ry. Co., 57 Tex.Civ.App. 488, 122 S.W. 972; 4 Elliott on Railroads, Sec. 2160 et seq., p. 541 et seq.

■ The effect of the enactment of the Carmmack Amendment was to make the initial carrier liable to the shipper, consignee and other owner, for all damages to the shipment, regardless of where the loss occurred. Atlantic Coast Line R. Co. v. Riverside Mills, 219 U.S. 186, 31 S.Ct. 164, 55 L.Ed. 167. In 1935 the interstate commerce laws, by the enactment of Chapter 8, Title 49 U.S.C.A., were extended to cover and regulate motor carriers engaged in interstate commerce. Section 203(b) (6), Part II, Interstate Commerce Act (Section 303(b) (6), Title 49 U.S.C.A.) provides:

"Vehicles excepted from operation of law

"(b) Nothing in this chapter, except the provisions of section 304 of this title relative to qualifications and maximum hours of service of employees and safety of operation or standards of equipment shall be construed to include * * * (6) motor vehicles used in

carrying property consisting of * * agricultural commodities * * *, if such motor vehicles are not used in carrying any other property, or passengers, for compensation."

■ In construing this section it has been held that interstate shipments of agricultural commodities, where nothing else is transported on the particular journey, are exempt from the interstate commerce act, except for the provisions of § 304, 49 U.S. C.A., which are not here relevant. East Texas Motor Freight Lines v. Frozen Food Express, 351 U.S. 49, 76 S.Ct. 574, 100 L. Ed. 917; Interstate Commerce Commission v. Dunn, 5 Cir., 166 F.2d 116; Home Insurance Co. v. Riddell, 5 Cir., 252 F.2d 1.

■ It being stipulated that none of the damage occurred on Brown's line, the original shipper cannot recover against Brown. Therefore, under the facts, Brown has nothing to recoup and hence no cause of action against Strickland. The shipper, no doubt, could have maintained this suit against both Brown and Strickland, but he did not elect to do so.

The decision of the Waco Court of Civil Appeals in Gulf, C. & S. F. Ry. Co. v. Hines, Tex.Civ.App., 18 S.W.2d 833, is controlling of the venue question here involved.

The Hines case involved an intrastate shipment and was controlled by the provisions of Article 905, Vernon's Ann.Civ. Stats., which makes the initial carrier liable for all damages regardless of where the damage occurred. Hines sued Gulf, C. & S. F. Ry. Co. for damages to a shipment of live stock, and Gulf, Colorado & Santa Fe Railway Company impleaded the Texas & Pacific Railway Company, its connecting carrier. Texas & Pacific filed its plea of privilege, which was controverted by Gulf under Subdivision 24 of Article 1995. The Court of Civil Appeals, in sustaining venue and overruling the plea of privilege, based its holding on the provisions of Article 905, Vernon's Ann.Civ.Stats. Inasmuch as

Article 905 controls the intrastate shipments in the same manner that Section 20 (11) and (12), Title 49 U.S.C.A. controls interstate shipments which are subject to such provisions, we think this case is authority for the proposition that Brown is not entitled to maintain venue in this suit against Strickland. This is true because the shipment involved is exempt from the provisions of Section 20(11) and (12), Title 49 U.S.C.A., being exclusively agricultural commodities. Therefore, the court erred in overruling Strickland's plea of privilege.

The judgment of the trial court is reversed and the cause remanded with instructions to transfer the third party action to the District Court of Dallas County, Texas, in keeping with the provisions of Rule 89, T.R.C.P.