A. J. TEBBE & SONS COMPANY, Appellant,

v.

BROWN EXPRESS, Appellee.

No. 13496.

Court of Civil Appeals of Texas.

San Antonio.

July 7, 1959.

Rehearing Denied Aug. 12, 1959.

North, Blackmon & White, Corpus Christi, for appellant.

King, Anderson & Porter, Corpus Christi, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by A. J. Tebbe and Sons Company against Brown Express for damages to a shipment of onions. The case was tried before the court without the intervention of a jury and resulted in judgment that plaintiff take nothing. A. J. Tebbe & Sons Company has prosecuted this appeal.

The evidence shows that on May 15, 1956, appellant delivered to Brown Express at Carrizo Springs, Texas, 600 sacks of Crystal Wax, Bermuda Type, medium size onions, weighing fifty pounds per sack, for which Brown Express issued its uniform bill of lading, acknowledging receipt of said onions, as exempt commodities, in apparent good order. The destination stated in the bill of lading was Chicago, Illinois. The bill of lading provided that Brown Express was to carry the shipment only to a connecting carrier on its own line. On May 16, 1956, Brown Express turned the shipment over to Gillette Motor Transport, Inc., at Dallas, Texas. The onions arrived in Chicago on May 21, in poor condition, and were sold as salvage for the sum of $72.85.

The first question here presented is whether or not the Carmack Amendment, Section 303(b)(6) of Title 49 U.S.C.A., applies to this shipment of onions. Such section reads as follows:

"Nothing in this chapter, except the provisions of section 304 of this title relative to qualifications and maximum hours of service of employees and safety of operation or standards of equipment shall be construed to include * * * (6) motor vehicles used in carrying property consisting of ordinary livestock, fish (including shell fish), or agricultural commodities (not including manufactured products thereof), if such motor vehicles are not used in carrying any other property, or passengers, for compensation; * * *."

The trial court's findings of fact were in part as follows:

"2. That Brown Express is a common carrier operating motor truck lines in the State of Texas, that its lines do not extend to Chicago, Illinois.

"3. That said onions were counted and loaded aboard Brown Express Trailer No. 664 by plaintiff, its agents and employees, at Carrizo Springs, Texas.

"4. That such load of onions constituted a maximum load for said trailer. * * *

"7. That such load of onions were the only commodity on said trailer being carried by defendant and third party defendant for compensation, that this condition existed throughout the entire trip.

"8. That said onions were carried all the way to Chicago, Illinois, on board said Brown Express Trailer No. 664.

"9. Such onions on board said trailer were interlined with Gillette Motor Transport, Inc., in the City of Dallas,

Texas, on the 16th day of May, 1956. * * *

"14. The freight rates or tariff schedule under which Brown Express accepted the shipment in question was contained in a 'Memorandum Brochure' published by Brown Express on or about the 11th day of May, 1955, and same was not on file with the Interstate Commerce Commission.

"15. Gillette issued a clear freight receipt to Brown Express for the onions in question."

Prior to the enactment of Sec. 20(11) and (12) of Title 49 U.S.C.A. (commonly known as the Carmack Amendment), each carrier in interstate commerce was liable only to the extent of his own route and for safe storage and delivery to the next carrier. Strickland Transportation Company v. Brown Express, Tex.Civ.App., 321 S.W. 2d 357.

■ The effect of the Carmack Amendment was to make the initial carrier liable to the shipper, consignee and other owner, for damages to the shipment, regardless of where the loss occurred. Strickland Transportation Company v. Brown Express, supra. In 1935 the Interstate Commerce Laws, by the enactment of Chapter 8, Title 49 U.S.C.A. were extended to cover and regulate motor carriers engaged in interstate commerce. Section 303(b)(6), Title 49 U.S.C.A., of the Act provides, in effect, as stated above, that motor vehicles carrying agricultural commodities are exempt from the Carmack Amendment as amended, if such motor vehicles are not used in carrying any other property or passengers for compensation.

■ Unquestionably, Brown Express would only be liable for the damages which occurred on its line, if at the time it was carrying no other property or passengers for compensation in addition to the onions. Appellant contends that the evidence was insufficient to show that Brown Express at the time it transported the onions was not carrying any other property or passengers

for hire. We do not agree. The evidence shows that Trailer No. 664 was loaded to capacity with onions, which are an agricultural product under the terms of the Act. The bill of lading issued to appellant showed on its face that the contract was to haul exempt commodities. The preponderance of the evidence shows clearly that no other products were hauled at the time. There is no direct evidence that passengers were not hauled at the time for compensation, but, in view of the fact that the bill of lading stated that the cargo was exempt commodities, and that Brown Express is a common carrier operating truck lines in the State of Texas and is not permitted to carry passengers for hire, and that to do so would be unlawful, we think the evidence is sufficient to show that there were no passengers being hauled for hire at the time.

It is true that the bill of lading showed the destination to be Chicago, and that the charge for delivering the onions to Chicago was the sum of $300, to be collected in Chicago on the delivery of the onions, but this did not change the situation in any way, nor render Brown Express liable for damages which occurred to the onions on other lines. Michigan Central Railroad Company v. Mineral Springs Manufacturing Co., 16 Wall. 318, 324, 21 L.Ed. 297; Pennsylvania Railway Co. v. Stewart, 155 U.S. 333, 15 S.Ct. 136, 39 L.Ed. 176; Strickland Transportation Company v. Brown Express, supra.

The record shows that Brown Express never contracted to carry this cargo of onions beyond its lines; that the cargo was exempt commodities, and that the commodities moved under a traffic schedule which was not on file with the Interstate Commerce Commission. Under such circumstances, Brown Express could not be held liable for damages to the onions which were not shown to have occurred on its lines. Fawley Motor Lines, Inc. v. Cavalier Poultry Corporation, 4 Cir., 235 F.2d 416; Strickland Transportation Company v. Brown Express, supra.

The judgment of the trial court is affirmed.