**Eli SMITH, Appellant,**

v.

**BROWN EXPRESS, Appellee.**

No. 13590.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 1, 1961.

Rehearing Denied March 1, 1961.

North, Blackmon & White, Corpus Christi, for appellant.

King, Anderson & Porter, Corpus Christi, for appellee.

BARROW, Justice.

This is a suit by appellant, Eli Smith, as shipper, against Brown Express, a common motor carrier, for damages to a trailer-load of onions, consisting of 600 sacks of approximately 50 pounds each, tendered to appellee for transportation to Chicago, Illinois. Appellant alleged that the onions were in good condition when loaded and received by the carrier, and in damaged condition when they reached their destination. This suit involves the same shipment that was before this Court in Strickland Transportation Co. v. Brown Express, 321 S.W. 2d 357, and the facts therein stated will be referred to herein, with such additions as are necessary to fully present the issues in this case. The defendant answered that it is a certified common motor freight carrier, but that its lines do not extend to Chicago, Illinois, and that the commodity was interlined with Strickland Transportation Company at San Antonio, Texas. That the onions in question were accepted by Brown Express as an exempt commodity, as defined in Title 49, United States Code Annotated, Section 303(b) (6). The trial was to a jury, but at the conclusion of the evidence, by agreement of the parties, the jury was discharged, and the case submitted to the court. Thereafter the court rendered judgment that plaintiff take nothing. The court filed findings of fact and conclusions of law.

Brown Express issued its uniform bill of lading, acknowledging its receipt of said onions as exempt commodity in apparent good order. The destination stated in the bill of lading was Chicago, Illinois. The bill of lading provided that Brown Express was to carry the shipment only to a connecting carrier on its own lines.

Appellant's first contention is that the court erred in holding that by the bill of lading appellee did not contract to deliver appellant's onions to their designated destination. His second contention is that the court erred "in interpreting the bill of lading contract as containing a limitation of liability whereby Brown Express would only be liable for loss occurring on its own line." By these two points appellant contends that the bill of lading obligated the carrier to deliver the onions to their destination, and

precluded such limitation of liability. We overrule both contentions. The bill of lading shows on its face that the shipment was interstate, that the commodity was an exempt commodity. The carrier only contracted to deliver the onions to the destination in the event that such destination was on its own line. It is not disputed that the lines of appellee do not extend to Chicago, Illinois. Therefore, it cannot be said as a matter of law that the carrier was obligated to deliver the shipment to the destination. The question of whether the initial carrier is liable for any loss except that which occurred on its own line depends upon whether the facts in the case bring the shipment within the Carmmack Amendment, Title 49 U.S.C.A., §§ 20(11) and 20(12), or whether it is exempt from the provisions thereof under the provisions of Section 303(b) (6), Title 49 U.S.C.A. This Court has so held in Strickland Transportation Co. v. Brown Express, supra, and in A. J. Tebbe & Sons Co. v. Brown Express, Tex.Civ.App., 326 S.W.2d 548, reversed on other grounds, for reasons stated in those opinions, which need not be re-stated here.

The evidence shows that the trailer in question was loaded and transported to full capacity with appellant's onions, that the onions were transported to the destination in the same trailer and were never off-loaded. The preponderance of the evidence shows that no other commodity was hauled. That the onions were loaded direct from the field onto the trailer. The evidence further shows that the onions were moved under freight rates provided in a "Memorandum Brochure" published by Brown Express, not on file with the Interstate Commerce Commission, which rates were less than one-half the regular rate. The evidence shows that at the time appellee interlined the onions at San Antonio, Texas, with Strickland Transportation Company it obtained from Strickland a clear receipt showing the onions in apparent good order. We think the evidence is sufficient to show that the shipment was an exempt commodity within the provisions of Section 303(b) (6), Title 49 U.S.C. A. Consequently, appellee is not liable for any loss or damage to the shipment not shown to have occurred on its own lines. Strickland Transportation Co. v. Brown Express, supra; A. J. Tebbe & Sons Co. v. Brown Express, supra.

By appellant's third, fourth and fifth points he contends that there is no evidence to support certain findings made by the trial court. Under our statement of the facts above, we overrule each of said points.

By appellant's sixth point he contends that the court erred in admitting the testimony of C. S. Moore concerning the movement and handling of the load of onions on the ground that such testimony was hearsay. The point must be overruled. The witness Moore, appellee's claim agent, testified as to the custom in handling such shipments. We think such testimony is admissible. 2 McCormick & Ray, 2d Ed., 353, § 1511. Moreover, the testimony of this witness covers twenty-one pages of the statement of facts, during which numerous objections were made by appellant. It is obvious that appellant's point is multifarious and does not specify the particular ruling complained of. Rule 418, Texas Rules of Civil Procedure; Miller Management Co. v. State, Tex.Civ.App., 159 S.W. 2d 218, affirmed 140 Tex. 370, 167 S.W.2d 728.

By appellant's eighth point he complains that the court erred in refusing to make his requested findings of fact Nos. 3, 4, 5, 6, 7, 8 and 10, as such matters were undisputed or were admitted by appellee. We are not required to consider this point because it is also multifarious in that it attempts to attack several distinct and alleged errors or rulings of the court. Rule 418, supra; Carnes v. Kay, Tex.Civ.App., 210 S.W.2d 882; Hudspeth v. Hudspeth, Tex.Civ.App., 206 S.W.2d 863. Moreover, we find on examining the requested find-

ings that they became immaterial under the judgment and the findings made by the trial court. The point must fail for the further reason that if the matters are undisputed or admitted, as appellant says, no findings thereon would be necessary. Donalson v. Horton, Tex.Civ.App., 256 S.W.2d 693.

Appellant's ninth and tenth points present no error and are overruled.

The judgment is affirmed.